# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **DUSTIN McADAMS**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13 C 9318 |
| | ) | |
| **CATALYST DIRECT, INC.**, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM**

This Court has received and read the responsive pleading -- comprising an Answer, Affirmative Defenses ("ADs"), and Counterclaims -- filed by Catalyst Direct, Inc. ("Catalyst") in this action brought against it by its ex-employee Dustin McAdams ("McAdams"). Although of course no view is expressed here as to the ultimate merits of the hotly-contested dispute between the litigants, it must be said that the overall impression created by Catalyst's response is that its counsel have been excessively cute (not in the complimentary sense of that word) in the manner in which they have sliced and diced their treatment of McAdams' Complaint allegations.

Just to choose a minor example, look at Complaint ¶ 3 and Catalyst's Answer to that paragraph:

> Dustin is an individual who is a citizen of Illinois and resides in Cook County, Illinois.

* * *

> Catalyst admits that McAdams is an individual. Catalyst otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 3.

That disclaimer is truly bizarre, given the fact that Catalyst brought the case to this District Court by removal from the Circuit Court of Cook County on diversity-of-citizenship grounds, with its Notice of Removal ¶ 6 reading in relevant part (emphasis added):

> <u>Plaintiff is a resident of Cook County, Illinois.</u> (*See* Ex. A, ¶ 3.) Because Catalyst is a citizen of New York, and <u>Plaintiff is a citizen of Illinois</u>, the parties are completely diverse for purposes of 28 U.S.C. § 1332(a).

That is of course a minor item, but it suggests a mindset on counsel's part that is at odds with the principles of notice pleading -- principles that are really incumbent on defendants as well as plaintiffs, though the T<u>wombly-Iqbal</u> canon speaks only of the requirements imposed on plaintiffs' pleadings. Those principles are intended to cut away pleading underbrush and make clear just where the litigants do or do not take issue with each other.

In that respect, for example, this Court has read Complaint Ex. A, Catalyst's August 11, 2008 letter, "which constitutes a formal offer" to McAdams, an offer that McAdams immediately accepted and was followed by his entry into employment with Catalyst. This Court looks forward with interest to learning the predicate for Catalyst's repeated denials (see Answer ¶¶ 10-13, for instance) that the offer and acceptance followed by the parties' performance in accordance with its terms was a contract.

It should be emphasized again that this Court has formed no views at all on the ultimate merits of this litigation, particularly given the assertions in Catalyst's ADs and its Counterclaims. But litigators often fail to realize that the impressions created by what may appear to be questionable strategy or excessive pickiness or overtechnicality may sometimes impact on the

persuasive force of otherwise more credible arguments.

                                                 _____
                                                 Milton I. Shadur
                                                 Senior United States District Judge

Date:  January 17, 2014